UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KASEY KAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No. 1:13-cv-1559-WTL-DML |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Kasey Kaylor requests judicial review of the final decision of the Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("the Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). The Court, having reviewed the record and the briefs of the parties, rules as follows.

### I.      PROCEDURAL HISTORY

Kasey Kaylor protectively filed for SSI on October 20, 2010, alleging she became disabled on June 1, 2001, due to ankle problems, Hepatitis C, bilateral knee pain, back pain, back strain, chronic lower back pain, hip pain, wrist pain, restless legs, disc bulge, trichomonas, psoriasis, and obesity. Her application was denied initially on January 20, 2011, and again upon reconsideration on March 1, 2011. Following the denial upon reconsideration, Ms. Kaylor requested and received a hearing in front of an Administrative Law Judge ("ALJ"). A video hearing, during which Ms. Kaylor was represented by counsel, was held before ALJ Steven Templin on February 3, 2012. The ALJ issued his decision denying Ms. Kaylor's application on June 19, 2012, and the Appeals Council denied Ms. Kaylor's request for review on July 24,

2013. After the Appeals Council denied review of the ALJ's decision, Ms. Kaylor filed this timely appeal.

## II.     APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into his reasoning . . . [and] build an accurate and logical bridge from the evidence to his conclusion." *Dixon*, 270 F.3d at 1176.

### III. BACKGROUND

The evidence of record is aptly set forth in the parties' briefs and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

### IV. THE ALJ'S DECISION

The ALJ determined at step one that Ms. Kaylor had not engaged in substantial gainful activity at any time material to his decision. At step two, the ALJ concluded that the evidence did not establish that Ms. Kaylor had at least one medically determinable, severe impairment, or its equal. Thus, the ALJ determined that Ms. Kaylor was not disabled.[1]

---

[1] In the alternative, the ALJ noted that the same conclusion could be drawn at Step 5. He noted that even if Ms. Kaylor's impairments were severe and limited her to unskilled, sedentary work, she would still not be deemed disabled. The ALJ concluded there were over 3,000 jobs in a wide variety of occupations at the sedentary and unskilled level that fit Ms. Kaylor's vocational profile and that Ms. Kaylor would be qualified to perform.

## V.  DISCUSSION

In her brief in support of her Complaint, Ms. Kaylor only advances one argument. She argues that the ALJ erred in finding that she had no severe impairments.

As noted above, Ms. Kaylor's complaints stem from chronic back pain, an ankle injury, and restless leg syndrome. She claims that her back pain persists despite numerous treatment regimens to alleviate some of the pain. She is often unable to get a full night's sleep due to this pain. With regard to her ankle injury, she notes that it has caused her significant difficulties, and she believes this injury has caused her back pain. Ms. Kaylor, however, does not use a cane or any other device to assist her when walking. She noted that she spends much of her day helping around the house and resting in numerous positions, including laying on her side, to help alleviate some of the pain. In all, the Court finds no error with the ALJ's determination that Ms. Kaylor did not have any severe impairments.

Ms. Kaylor first argues that the ALJ did not consider her *entire* August 24, 2011, MRI, noting that the ALJ failed "to mention that the MRI showed bulging discs in two different places." Pl.'s Br. at 10. The Court initially notes that an ALJ need not address every item of evidence. *See Johansen v. Barnhart*, 314 F.3d 283, 287 (7th Cir. 2002). Moreover, the claimant has the burden of proving that her impairments meet the threshold of severity. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The ALJ noted this MRI in his opinion, *see* R. at 25, and Ms. Kaylor has failed to explain why the bulging discs rendered her back pain to be a severe impairment. In all, the Court finds no error in the ALJ's discussion of her August 24, 2012, MRI.

Next, Ms. Kaylor argues that the ALJ did not properly consider her credibility. In making his credibility determination, the ALJ said the following:

> I do not credit the claimant's allegations concerning the frequency and duration of intense symptoms which may be associated with her established impairments (20 CFR 416.929 and SSRs 96-4p and 96-7p). I am not convinced that the claimant must be off-task 15 minutes of each 40 minute period of time throughout the workday. I am not convinced that the claimant must be absent from the workplace 1 day per week. While the claimant might engage in such behaviors, they are not associated with the severity of her established impairments.

R. at 25. Ms. Kaylor argues that the ALJ failed to provide specific reasons for the credibility finding.

An ALJ cannot simply state that an "individual's allegations are or are not credible"; rather an ALJ must "specify the reasons for his finding so that an applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony." *Golembiewski v. Barnhart*, 322 F.3d 912, 915 (7th Cir. 2003). However, an ALJ only has to "minimally articulate reasons for crediting or rejecting evidence of disability." *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992). Social Security Ruling ("SSR") 96-7p further provides that "the absence of objective medical evidence supporting an individual's statements about the intensity and persistence of pain or other symptoms is only one factor that the adjudicator must consider in assessing an individual's credibility and must be considered in the context of all the evidence." Therefore, an ALJ is also to consider the following factors:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

5

SSR 96-7p.  Thus, while an ALJ may not ignore subjective reports of pain simply because they are not supported by medical evidence, "discrepancies between the objective evidence and self-reports may suggest symptom exaggeration." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010).  In this case, the Court finds that the ALJ "minimally articulate[d] [his] reasons for rejecting evidence of disability." *Scivally*, 966 F.2d at 1076.

In the discrediting paragraph, the ALJ discussed Ms. Kaylor's daily activities, which consist of napping twice a day, helping out around the house when she can, and constantly rotating her position to relieve her pain.  The ALJ also discussed the intensity, frequency, and duration of Ms. Kaylor's pain.  Specifically, he noted that Ms. Kaylor estimated that "she can sit up to 30 minutes at a time, although she testified that she uses a home computer for 1 hour once a day." R. at 23.  It was also noted that Ms. Kaylor lies on her side for an hour to relieve her pain and that she needs 30 minutes of rest following an activity.

Also in the ALJ's opinion, he discussed factors that precipitate and aggravate Ms. Kaylor's symptoms, such as standing, walking, sitting or participating in "any such activity for more than 30 minutes at a time." *Id.* at 23.  However, he noted that "she estimated she could walk up to 3 blocks at a time . . . [and] she estimated she could lift between 5 and 8 pounds at a time[.]" *Id.*  The ALJ also discussed the type, dosage, and side effects of any medication that Ms. Kaylor was prescribed, including drowsiness, the inability to focus, and the "inability to eat." *Id.* The ALJ mentioned other non-medicinal treatments Ms. Kaylor received in an attempt to relieve her pain, including physical therapy and pain clinic referrals. *Id.* at 25.

Finally, the ALJ noted the inconsistencies between the complaints of pain by Ms. Kaylor and the medical record.  For example, Ms. Kaylor claimed on November 13, 2010, that she had a hard time walking, standing, or sitting for more than fifteen minutes at a time due to left ankle

6

pain and back pain; "[h]owever, the claimant reported she was able to walk more than two miles and climb three flights of stairs . . . walked without an assistive device . . . was able to get on and off the examination table without difficulty . . . [her] gait and posture were normal, she was able to stand on her heels and toes without difficulty, and straight leg raise testing was normal bilaterally." *Id*. at 24. Although Ms. Kaylor claimed to have difficulty lifting and carrying objects, in November 2010, the examiner "noted the claimant was able to grasp, lift, carry, and manipulate objects with both hands, perform repeated movements with both feet, bend over without restriction, squat normally, as well as sit, stand and walk normally." *Id.* On December 10, 2010, Ms. Kaylor claimed that her leg gave out and that she sought treatment for that pain, but the evidence reflects that she only complained of a toothache, not back or leg pain. Although Ms. Kaylor made subjective complaints of low back pain, an MRI of her lumbar spine on August 24, 2011, "showed no significant neural foraminal compromise or spinal canal narrowing at any level that could explain her complaints." *Id.* at 25. Moreover, Dr. Miller, the board certified expert in general surgery, "agreed with the conclusions that . . . even in combination, the claimant's impairments had not been shown to have been 'severe' for purposes of disability evaluation." *Id.* at 23; *see also Scheck*, 357 F.3d at 703 (noting that it is proper for the ALJ to rely on the opinion of medical experts).

      In all, there is nothing patently wrong with the ALJ giving greater weight to the medical record. *See Jones*, 623 F.3d at 1160 ("Although an ALJ may not ignore a claimant's subjective reports of pain simply because they are not supported by medical evidence, discrepancies between the objective evidence and self-reports may suggest symptom exaggeration."); *see also Rasmussen v. Astrue*, 254 Fed. App'x 542, 546 (7th Cir. 2007) ("It was not patently wrong for the ALJ to place more weight on the medical record than on the [claimant's] testimony regarding

7

her pain."). The ALJ considered all of the factors listed in SSR 96-7p and the objective medical evidence in the record, and the Court finds no error in the ALJ's determination that Ms. Kaylor's impairments were not severe.

## VI. CONCLUSION

As set forth above, the ALJ in this case did not err in determining that Ms. Kaylor's impairments were not severe. The decision of the Commissioner is therefore **AFFIRMED**.

SO ORDERED:

5/29/2015

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic communication